UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JZK, INC., a Washington corporation; and JZ Knight, an individual,<br><br>　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>GLEN MORGAN and LAUREN MORGAN and the marital community comprised thereof; and EVERGREEN FREEDOM FOUNDATION, a non-profit Washington corporation,<br><br>　　　　　　　　　　Defendants. | NO.<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES<br><br>JURY DEMAND (non-equitable claims only) |

Plaintiffs allege as follows:

## I.　PARTIES

1.　Plaintiff JZK, Inc. is a Washington corporation and has paid all fees and dues owing to the State of Washington. JZK, Inc. operates Ramtha's School of Enlightenment ("RSE" or "School"), which provides instruction, information, and techniques to its students that are unique to RSE.

2.　Plaintiff JZ Knight is the President of JZK, Inc. She resides in Thurston County, Washington.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 1 of 13
(No.　　　　　　　)
[100088975.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

3. Defendants Glen Morgan and his spouse Lauren Morgan are residents of Thurston County, Washington.

4. Defendant Evergreen Freedom Foundation ("EFF") is a Washington corporation with its principle place of operations based in Thurston County, Washington.

## II. JURISDICTION & VENUE

5. This Court has original jurisdiction over copyright claims under 28 U.S.C. § 1338(a).

6. This Court has supplemental jurisdiction over state law claims under 28 U.S.C § 1367(a).

7. This Court is the appropriate venue for this action under 28 U.S.C. § 1391(b)(1)–(2) as the Defendants are residents of and have sufficient contacts with Thurston County.

## III. FACTUAL ALLEGATIONS

8. JZK, Inc. operates RSE. The School teaches a model of ancient wisdom through distinctive techniques that are intended to demonstrate the power of consciousness in one's life. The School is based on the teachings of Ramtha, a spirit who is channeled by JZ Knight, the founder of RSE.

9. RSE has instructed over 24,000 students from around the world since the School's inception in 1988. RSE regularly conducts seminars and events at its 50-acre campus in Yelm, Washington for students and visitors from around the world. Since 1999, RSE has spread beyond the United States to hold events in 20 countries. The teachings have been published in 14 languages, including 38 books, 35 videos/DVDs, 433 audio cassettes and 234 audio CDs.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

10. RSE's students find value in the teachings themselves as well as in the distinctive way in which the teachings are presented, not least of which are Ramtha's presentations to students—both at physical venues live and via internet streaming video. RSE is very concerned that, without some control over dissemination, the School's teachings may be misused or distorted. Therefore, RSE uses both copyright protection and a contract with students, known as the Conditions of Participation ("CoP" or "Conditions") as a method of controlling how RSE teachings are disseminated to others. These protections are in place to allow JZK, Inc. to keep its competitive edge by maintaining the prestige and uniqueness of its message. That edge would be quickly lost if others were able to obtain, copy, co-opt, distort, or repackage presentations.

11. Because of the value in RSE's distinctive teachings and presentations, as a condition of participating in RSE's trainings, JZK, Inc. requires that each student sign the CoP.

12. Among other things, the CoP contains a non-disclosure provision under which students agree not to teach or disseminate the School's teachings or materials, or to assist others in doing so, without the permission of JZK, Inc.

13. The CoP also contains a provision that provides:

> The materials provided to you at the School are subject to the copyright laws. You are not authorized to copy, reproduce, prepare adaptations, publicly distribute, publicly perform, or publicly display any of those materials without the prior written consent of the School.

14. JZK, Inc. has required its students to sign a form of the Conditions since 1993.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 3 of 13
(No.                    )
[100088975]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

15. In 2007 RSE started offering digital content online, both to the public and to students in the form of downloadable audio or video and on-demand streams. In 2008 RSE began streaming live presentations from JZ Knight or Ramtha as they were teaching audiences who were attending an event at a venue. This is done through the website Ramtha.tv. Only students who have signed a CoP are able to access these streamed events on Ramtha.tv.

16. Access to live-streamed events is granted on a per user basis. The registration fee is per user and there is no group or shared registration fee available.

17. In a separate action, *JZK, Inc. v. Coverdale*, No. 12-2-02241-8 (Thurston Cnty. Sup. Ct) ("*Coverdale*"), the Thurston County Superior Court found that JZK, Inc.'s 2006 and 2007 Conditions were valid and enforceable.

18. In *Coverdale*, the court granted a temporary restraining order ("TRO"), preliminary injunction, and a permanent injunction against Virginia Coverdale—a former student who disseminated JZK, Inc.'s videos in breach of the CoP—enjoining her, "her agents, employees, attorneys, and all persons in active concert with her" from "copying, reproducing, preparing adaptations, publically distributing, publically performing, publically displaying or otherwise disseminating" RSE information or materials.

19. The court in *Coverdale* found and concluded, among other things, as follows:

- Plaintiff JZK, Inc.'s students who attend its Ramtha's School of Enlightenment ("RSE") sign an agreement not to teach or otherwise disseminate through speeches, books, articles, media interviews, or other forms of mass or group distribution any information or techniques learned or taught at Ramtha's School of Enlightenment ("RSE") without the prior written consent of the School. JZK, Inc.'s Students also agree not to assist or facilitate other persons in doing so. This agreement is also referred to as a Condition of Participation, or CoP.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 4 of 13
(No.                    )
[100088975]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

- In signing the CoP JZK, Inc. students also agree not to copy, reproduce, prepare adaptation, publicly distribute, publicly perform, or publicly display any RSE materials without the prior written consent of the School.

- In the 2006 and 2007 CoP agreements, there is a clear clause or provision that protects the proprietary information of the Plaintiff JZK, Inc. from disclosure without JZK, Inc.'s written permission to do so.

- The provisions of JZK, Inc.'s 2006 and 2007 CoP are legally enforceable and sufficient to protect disclosure from occurring.

- The provisions of JZK, Inc.'s 2006 and 2007 CoP are not a contract of adhesion.

- The provisions of JZK, Inc.'s 2006 and 2007 CoP are not procedurally or substantively unconscionable.

- The provisions of JZK, Inc.'s 2006 and 2007 CoP are not void against public policy.

20. By its terms, the CoP is enforceable for the "life of JZ Knight, plus 21 years."

21. Defendants Glen Morgan and EFF were intimately aware of the *JZK, Inc. v. Coverdale* litigation, the CoP, and that Coverdale's copying and dissemination of JZK, Inc.'s video materials formed the foundation for JZK, Inc.'s successful breach of contract claim against Virginia Coverdale.

22. Prior to the lawsuit, Ms. Coverdale volunteered for EFF with Glen Morgan. On at least one occasion, at EFF's offices, she showed Glen Morgan and other EFF employees the unlawfully-obtained video in breach of the CoP.

23. After Ms. Coverdale disseminated the video by posting a distorted, heavily-edited version on YouTube and Facebook, JZK, Inc. obtained a TRO and a preliminary injunction against Ms. Coverdale, and "all persons in concert" with her, based on the CoP.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 5 of 13
(No.           )
[100088975]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

24. Three days after the Court issued the preliminary injunction order, Glen Morgan and EFF disseminated JZK, Inc. videos on YouTube.com under the alias "ChangeWA." In response to this, on January 23, 2013, JZK, Inc. sent a letter to Glen Morgan and EFF putting them on notice of the Court's TRO and preliminary injunction based on the CoP.

25. YouTube.com removed these materials from its website after receiving a notification that the materials were posted in violation of the copyright.

26. Despite having direct knowledge that JZK, Inc.'s proprietary materials are subject to the CoP and copyright protections, Glen Morgan, representing EFF and those acting in concert with them, recently disseminated JZK, Inc.'s proprietary materials in an effort to malign JZ Knight for political aims.

27. JZ Knight is a supporter of the state Democratic party and donated, in her individual capacity as a private citizen, money to the Thurston County Democratic Central Committee.

28. Glen Morgan and EFF are vocal opponents of the state Democratic party and Democratic candidates for public office.

29. On or about May 6, 2014, Glen Morgan attended an open meeting of the Thurston County Commissioners with the specific intent of distributing to the Commissioners verbatim copies of JZK, Inc.'s proprietary materials. At the meeting, Glen Morgan stated the following:

> My name for the record is Glen Morgan. I am the Property Rights Director for the Freedom Foundation. I am also the Freedom Foundation's representative to the Washington State Coalition for Open Government. I have submitted four copies of documents here for you, which include the videos that JZ Knight made . . . . There's [sic] approximately 3,200 elected officials

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 6 of 13
(No.                    )
[100088975]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

around Washington State . . . . All of them will be getting the same documents you have received. And volunteers will be sending them out to you, including the legislators and senators and governor and pretty much everybody in the senior staff level at every state agency in Washington State.

30. At the same Thurston County Commissioners meeting, Glen Morgan submitted a series of eight segments of video footage to the Commissioners that came from a March 31, 2011 live stream event at RSE (herein "3/31/11 Video").

31. The 3/31/11 Video is subject to copyright protection.

32. Plaintiff JZ Knight holds the copyrights in the 3/31/11 Video.

33. Glen Morgan stated several times that the videos he was disseminating were unedited.

34. On May 9, 2014, JZK, Inc. sent Glen Morgan and EFF a cease and desist letter, through counsel, informing them of the proprietary and protected nature of the video. EFF responded to the letter be email, stating "[we] will not be silenced."

35. In a telephone conversation with EFF's counsel, EFF refused to confirm: (A) whether it had sent the same materials that Defendants submitted to the Thurston County Commissioners to anyone else, including the "3,200 elected officials around Washington State"; and (2) whether it intended to continue to disseminate the materials.

## IV. FIRST CLAIM FOR RELIEF
### Copyright Infringement

36. Plaintiffs re-allege each allegation above as fully set forth herein.

37. JZ Knight holds the copyright to the 3/31/11 Video.

38. Defendants have violated the copyright by copying and disseminating the 3/31/11 Video. *See* 17 U.S.C. § 101 *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 7 of 13
(No.                    )
[100088975]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

39. Plaintiffs have been damaged by Defendants' conduct and are entitled to both injunctive relief, statutory damages, and damages in an amount to be proved at trial.

## V. SECOND CLAIM FOR RELIEF
### Tortious Interference with Contractual Relationship

40. JZK, Inc. re-alleges each allegation above as fully set forth herein.

41. JZK, Inc. has valid, enforceable contractual relations with every RSE student who had authorized access to view the 3/31/11 Video.

42. Defendants knew of these contractual relations, including through their knowledge and participation in the *Coverdale* case.

43. Defendants intentionally interfered with these contractual relationships by accepting and further disseminating the 3/31/11 Video via an individual who had contractually agreed not to disseminate or assist others to disseminate the 3/31/11 Video.

44. Inducing, causing, or assisting others to violate their contractual obligations under the CoP is an improper means.

45. Using wrongfully acquired copyrighted works to harass JZ Knight for her private political contributions, with intent to injure JZK, Inc. constitutes an improper purpose.

46. Plaintiffs have been damaged by Defendants conduct and are entitled to both injunctive relief and damages in an amount to be proved at trial

## VI. THIRD CLAIM FOR RELIEF
### Declaratory Judgment

47. Plaintiffs re-allege each allegation above as fully set forth herein.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 8 of 13
(No.                    )
[100088975]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

48. There exist actual controversies between Plaintiffs and Defendants as to the rights of Defendants to continue to disseminate Plaintiffs' proprietary materials under the guise of political participation.

49. Sufficient immediacy and reality warrant the issuance of a declaratory judgment as Defendants have announced their intention to continue to disseminate Plaintiffs' proprietary materials without Plaintiffs' consent and have provided no assurance that they intend to stop doing so.

50. Plaintiffs are entitled to declaratory judgment that Defendants have violated JZ Knight's copyright and tortiously interfered with JZK, Inc.'s contractual relations with its students under the CoP.

## VII. FOURTH CLAIM FOR RELIEF (PROVISIONAL)
### Temporary Restraining Order; Preliminary Injunction; and Copyright Impoundment

51. Plaintiffs re-allege each allegation above as fully set forth herein.

52. Plaintiffs are entitled to a temporary restraining order under Federal Rule of Civil Procedure 65(f) and other applicable law.

53. As they have demonstrated, in their contemporaneously-filed Motion for Temporary Restraining Order, probable success on the merits of their claims; the possibility of irreparable harm; that the balance of hardships tips in their favor; and that an injunction is in the public's interest.

54. For the same reasons set forth in the preceding paragraph, Plaintiffs are entitled to a preliminary injunction pending resolution of this case.

55. Under 17 U.S.C. § 502(a), 17 U.S.C. § 503(a), Federal Rule of Civil Procedure 65(f), and other applicable law, Plaintiffs are also entitled to an Order directing

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

impoundment and return of Plaintiffs' proprietary, copyright-protected materials from Defendants pending the resolution of this case.

56. To avoid further dissemination of Plaintiffs' materials at issue in this case, and to preserve the fruits of any successful prosecution of this case, Defendants should be ordered to immediately produce a list of all individuals to whom they provided copies of the 3/31/11 Video; to make all reasonable efforts to recover the 3/31/11 Video from any individuals or entities who have received the 3/31/11 Video; and to identify those individuals or entities from whom return of the 3/31/11 Video could not be achieved.

## VIII. REQUEST FOR RELIEF

57. For the reasons set forth above, Plaintiffs pray for judgment in their favor as follows:

    a. That all copies of the 3/31/11 Video in the possession, custody, or control of Defendants (in this Request for relief, "Defendants" includes Defendants' officers, agents, servants, employees and attorneys, and anyone in active concert or participation with those individuals or entities) be impounded and returned to Plaintiffs.

    b. That Glen Morgan and EFF verify by sworn affidavit that all copies of the 3/31/11 Video in their possession, custody, or control (including materials stored on third party servers) have been permanently deleted or otherwise destroyed.

    c. That Defendants be permanently enjoined from facilitating, assisting, inducing, or causing any individual to breach or further breach the terms of said individual's agreement with JZK, Inc., known as the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 10 of 13
(No.                    )
[100088975]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

"Conditions of Participation," by accepting (through means other than lawful purchase), retaining, or disseminating JZK, Inc. materials without prior written consent of JZK, Inc.

d. That Declaratory judgment be issued that Defendants' May 6, 2014 submission of Plaintiffs' materials to the Thurston County Board of County Commissioners; the dissemination of the same materials to "approximately 3,200 elected officials around Washington State"; and the dissemination of the same materials to any other individual or entity without Plaintiffs' consent is a violation of Plaintiffs' copyright.

e. That Declaratory judgment be issued that Defendants' dissemination of the materials Defendants submitted to the Thurston County Board of County Commissioners on May 6, 2014, to "approximately 3,200 elected officials around Washington State"; or any other individual or entity constitutes tortious interference with JZK, Inc.'s contractual relationships with its students who signed the "Conditions of Participation."

f. That the Court issue a Temporary Restraining Order and a Preliminary Injunction as follows:

   i. That all copies of Plaintiffs' copyrighted materials not acquired by Defendants through lawful purchase, including the 3/31/11 Video, in Defendants' possession, custody, or control be impounded under 17 U.S.C. § 502(a), 17 U.S.C. § 503(a),

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 11 of 13
(No.            )
[100088975]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

Federal Rule of Civil Procedure 65(f), and other applicable law, pending resolution of this case on the merits.

    ii. That Defendants be enjoined from facilitating, assisting, inducing, or causing any individual to breach or further breach the terms of said individual's agreement with JZK, Inc., known as the "Conditions of Participation," by accepting (through means other than lawful purchase) or disseminating Plaintiffs' copyrighted materials, including the 3/31/11 Video, without Court approval or prior written consent of JZK, Inc.

    iii. That Defendants be ordered to immediately produce a list of all individuals to whom they provided copies of the 3/31/11 Video; make all reasonable efforts to recover the 3/31/11 Video from any individuals or entities who have received the 3/31/11 Video; and identify those individuals or entities from whom return of the 3/31/11 Video could not be achieved.

g. Awarding monetary damages in an amount to be proved at trial, all available statutory penalties, and litigation costs, including reasonable attorneys' fees, to Plaintiffs.

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565

h. Ordering all further relief as the Court deems just and equitable.

## IX. JURY DEMAND

Plaintiffs demand a jury as to the non-equitable claims.

Dated this 16th day of May, 2014.

By /s/ Andrea H. McNeely
GORDON THOMAS HONEYWELL LLP
Andrea H. McNeely, WSBA No. 36156
amcneely@gth-law.com

SKELLENGER BENDER PS
Jeffrey C. Grant, WSBA No. 11046
JGrant@skellengerbender.com

Attorneys for Plaintiffs

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 13 of 13
(No.           )
[100088975.docx]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
1201 PACIFIC AVENUE, SUITE 2100
TACOMA, WASHINGTON 98402
(253) 620-6500 - FACSIMILE (253) 620-6565