1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

13

JZK, INC., and JZ KNIGHT,

              Plaintiff,

v.

GLEN MORGAN and LAUREN
MORGAN; and EVERGREEN
FREEDOM FOUNDATION,

              Defendants.

CASE NO. C14-5410 BHS

ORDER DENYING
DEFENDANTS' ANTI-SLAPP
MOTION, DENYING THE
PARTIES' MOTIONS FOR
SUMMARY JUDGMENT, AND
DENYING OTHER MOTIONS AS
MOOT

14
     This matter comes before the Court on numerous motions filed by both parties

15 (Dkts. 29, 30, 40, 46, 54, 66, 70, 79). The Court has considered the pleadings filed in

16 support of and in opposition to the motions and the remainder of the file and hereby rules

17 as follows:

18
## I. PROCEDURAL HISTORY

19
     On May 16, 2014, Plaintiffs JZK, Inc., and JZ Knight ("Plaintiffs") filed a

20 complaint against Evergreen Freedom Foundation, Glen Morgan, and Lauren Morgan

21 ("Defendants") asserting (1) a claim for copyright infringement and (2) a claim for

22 tortuous interference with contract relationship. Dkt. 1.

1    On May 29, 2014, Plaintiffs filed an amended complaint dropping the state law

2 claim for tortious interference. Dkt. 26.

3    On June 26, 2014, Defendants filed a motion for summary judgment on Plaintiffs'

4 copyright claim (Dkt. 29) and filed a motion for attorney's fees, costs, and monetary

5 award pursuant to RCW 4.24.510 and 4.24.525 (Dkt. 30), which is commonly referred to

6 as Washington's "anti-SLAPP" law.[1]  On July 14, 2014, Plaintiffs responded to

7 Defendants' motions. Dkts. 42 & 46.  On July 15, 2014, Plaintiffs filed an erratum

8 stating that they intended their opposition to also be a cross-motion for summary

9 judgment. Dkt. 47.  On July 18, 2014, Defendants replied to Plaintiffs' response. Dkt.

10 60.  On August 4, 2014, Defendants responded to Plaintiffs' motion. Dkt. 69.  On August

11 8, 2014, Plaintiffs replied. Dkt. 74.

12    On July 10, 2014, Plaintiffs filed a motion to continue the summary judgment

13 motion pursuant to Fed. R. Civ. P. 56(d). Dkt. 40.  On July 17, 2014, Defendants

14 responded to Plaintiffs' motion to continue. Dkt. 49.  On July 18, 2014, Plaintiffs filed a

15 reply (Dkt. 57) and Defendants replied to both of their motions (Dkts. 58 & 60).

16    On July 17, 2014, July 31, 2014, and August 5, 2014, Defendants filed motions to

17 strike certain evidence Plaintiffs submitted in support of their positions. Dkts. 54, 66, 70.

18    On August 21, 2014, Defendants filed a motion to continue the initial case

19 deadlines until the Court issues a ruling on the pending motions for summary judgment.

20 Dkt. 79.

21 _____

22    [1] SLAPP is an acronym for Strategic Lawsuits Against Public Participation.

1

## II. FACTUAL BACKGROUND

2     This dispute arises from Defendants' use of what Plaintiffs' contends are

3 copyrighted performances.  Because Defendants have not obtained Plaintiffs' copy of

4 what is allegedly the full performance, underlying evidentiary issues must be resolved

5 before dispositive issues may be addressed.

6

## III. DISCUSSION

7 **A.     Anti-SLAPP**

8     The Washington anti-SLAPP law provides, in relevant part, that "[a] party may

9 bring a special motion to strike any claim that is based on an action involving public

10 participation" as defined in the statute.  RCW 4.24.525(4)(a).

11     In this case, Plaintiffs argue that Defendants' motion is moot because Plaintiffs

12 have voluntarily amended their complaint to remove the state law claim.  The Court

13 agrees.  In *Henne v. City of Yakima*, 177 Wn. App. 583 (2013),[2] the court held that an

14 anti-SLAPP issue was moot once the plaintiff moved to amend his complaint to remove

15 the challenged claims.  *Id*. at 588.  In fact, the plaintiff even moved to amend his

16 complaint *after* the defendant filed its motion to strike.  *Id.*  In light of this precedent, the

17 Court finds that Plaintiffs' voluntary dismissal before Defendants filed their motion

18 makes this issue moot.

19

20 _____

21     [2] Defendants argue that *Henne* is "inadequate precedent" because the Washington
Supreme Court has granted review.  Dkt. 58 at 7.  This argument is wholly without merit,
22 especially if the court upholds the decision.

1        With regard to Defendants' argument that they were forced to respond to

2   Plaintiffs' motion for a temporary restraining order, there is some authority for the

3   proposition that the Court may evaluate any prejudice suffered by the responding party.

4   *Henne*, 177 Wn. App. at 588 ("Absent prejudice, dilatory practice, or undue delay"

5   plaintiff may voluntarily amend the complaint.).  Defendants, however, can hardly claim

6   prejudice by submitting approximately two and a half pages in response to Plaintiffs'

7   emergency motion. *See* Dkt. 19 at 8–10.  Moreover, the goal of the legislature has been

8   achieved with Plaintiffs' quick dismissal of their state law claims.  Therefore, the Court

9   finds that Defendants have failed to show prejudice and denies Defendants' motion as

10  moot.

11  **B.      Summary Judgment**

12       In this case, Defendants move for summary judgment on Plaintiffs' claim for

13  copyright infringement, and Plaintiffs move for summary judgment on the same claim.

14  The fundamental problem is that Plaintiffs have improperly filed evidence under seal and

15  have refused to produce such evidence to Defendants.[3]  Even if Defendants have refused

16  to participate in discovery, due process compels Plaintiffs to show Defendants the

17  evidence that Plaintiffs have submitted in support of their opposition and motion.  It

18  defies logic to request a court to enter judgment against Defendants based on evidence

19  that Defendants are unable to view and/or challenge.  The Court finds that resolution of

20

21       [3] The Court granted the motion to seal evidence submitted with the temporary restraining
     order briefing.  Evidence submitted with the summary judgment briefing requires a new motion
22  to seal.  Therefore, the Court will unseal the material unless a motion or request to return the
     material is filed no later than September 19, 2014.

ORDER - 4

1    this threshold discovery issue will narrow the dispositive issues in this case. While issues

2    such as authorship and fair use may still need to be determined, the summary judgment

3    motions are denied without prejudice. Moreover, any party shall request leave of Court

4    before filing another motion for summary judgment, and the request shall identify the

5    specific issues that will be addressed in the proposed motion. Therefore, the Court denies

6    the parties' motions for summary judgment.

7                               **IV. ORDER**

8       Therefore, it is hereby **ORDERED** that

9           1. Defendants' motion for attorney's fees, costs, and monetary award pursuant

10               to RCW 4.24.510 and 4.24.525 (Dkt. 30) is **DENIED**;

11           2. Defendants' motion for summary judgment on Plaintiffs' copyright claim

12               (Dkt. 29) and Plaintiffs' cross-motion for summary judgment (Dkt. 46) are

13               **DENIED**; and

14           3. Plaintiffs' motion to continue (Dkt. 40), Defendants' motions to strike (Dkt.

15               54, 66, 70), and Defendants' motion to continue initial case deadlines (Dkt.

16               79) are **DENIED as moot**.

17       Dated this _10_ day of September, 2014.

18

19                                BENJAMIN H. SETTLE
                                 United States District Judge

20

21

22